# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GOSS INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>TOKYO KIKAI SEISAKUSHO, Ltd., a Japanese corporation, and TKS (U.S.A.), Inc., a Delaware corporation,<br><br>      Defendants. | No. C-00-35-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

This matter comes before the court pursuant to Defendant's Expedited Motion for Limited Relief from Protective Order to Permit Submission of Information to the Department of Commerce (docket no. 498) filed by Defendants Tokyo Kikai Seisakusho, Ltd. and TKS (U.S.A.), Inc. [collectively referred to herein as "TKS"] on October 5, 2005. Plaintiff Goss International Corporation ("Goss") has not filed a written resistance. The court held a telephonic hearing on TKS's Motion on October 6, 2005. TKS was represented by attorneys Lawrence R. Walders, Neil R. Ellis, Nicholas V. Critelli, Jr., and Peter J. Toren. Goss was represented by attorneys Bradley P. Nelson, Ian H. Fisher, and John R. Shane. The matter is now fully submitted and ready for decision.

## *II. BACKGROUND*

On April 26, 2001, the court entered an Amended and Agreed Protective Order (the "Protective Order") which prohibits the parties thereto from disclosing certain documents

and information produced in this litigation which contain trade secrets and confidential and/or proprietary business information ("Protected Material"). Paragraph 16 of the Protective Order allows for production of Protected Material pursuant to court order.

On May 10, 2005, the DOC published in the Federal Register a notice it was self-initiating a "changed circumstances review" to determine whether Tokyo Kikai Seisakusho, Ltd. ("TKS Ltd.") provided to the DOC false information with regard to the DOC's prior investigation of printing presses imported from Japan into the United States. The DOC initiated the changed circumstances review based upon information disclosed in the public record of this case, including the court's May 26, 2004 Order denying Defendants' post-trial motions. *See Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 321 F. Supp. 2d 1039 (N.D. Iowa 2004). The DOC notice gave interested parties until June 9, 2005 to submit comments to the DOC regarding the issues involved in its proposed changed circumstances review of TKS Ltd.

On May 11, 2005, TKS filed suit in the United States Court of International Trade ("Court of International Trade") against the United States and the DOC challenging the DOC's right to initiate the changed circumstances review. *Tokyo Kikai Seisakusho, Ltd. v. United States*, No. 05-00348.

On June 6, 2005, this court entered an order granting Goss's Expedited Motion for Limited Relief from Protective Order to Permit Comments on Notice from Department of Commerce. Prior to filing the order, the parties submitted substantial information regarding the matter, including a copy of the Administrative Protective Order (the "APO") put in place by the Department of Commerce (the "DOC").

In a changed circumstances review, interested parties have 140 days from the date of publication of notice of initiation of the review to submit factual information.

2

19 C.F.R. § 351.301(b)(3). Here, the notice was published on May 10, 2005. Therefore, Goss's deadline for submitting factual information to the DOC was September 27, 2005.

In accordance with this court's order, Goss submitted comments and Protected Materials to the DOC on June 6, 2005, and on September 27, 2005. DOC regulations allow rebuttal information to be submitted within ten days of the submission of factual information when the factual information is submitted on the applicable deadline. *See* 19 C.F.R. § 351.301(c)(1). Therefore, the deadline for TKS to submit rebuttal information to the DOC is October 7, 2005.

In the instant Motion, TKS seeks the same relief from the Protective Order that Goss sought earlier this year.

### *III. CONCLUSION*

The court relies upon the legal analysis set forth in its June 6, 2005 order. Any Protected Material TKS seeks to submit to the DOC: (1) shall be designated as Business Proprietary Information ("BPI") under the DOC's APO, as defined in 19 C.F.R. § 351.105(c), to the extent the Protected Material falls within such definition; and (2) shall not be disclosed to anyone other than individuals who are subject to the APO. To the extent TKS requests that the Protected Material disclosed to the DOC be treated as BPI and the DOC denies this request, TKS shall withdraw the Protected Material at issue from the record of the proceeding.

**IT IS FURTHER ORDERED**:
1. TKS's Expedited Motion for Limited Relief from Protective Order to Permit Submission of Information to the Department of Commerce (docket no. 498) is **GRANTED**. The court grants to TKS the right to submit rebuttal information in the Department of Commerce's changed circumstances review of TKS, Ltd.

2. TKS may submit to the Department of Commerce Protected Material concerning TKS Ltd.'s representations to the Department of Commerce, provided such disclosure is made under the Administrative Protective Order put in place by the Department of Commerce which restricts the public disclosure of such material and provided further that any such disclosure to the Department of Commerce is made in accordance with the conditions set forth herein.

3. The attorneys from the law firm of Sidley Austin Brown & Wood, LLP, and any other attorneys who are representing TKS's interests in the proceedings before the Department of Commerce who will have access to Protected Material shall execute immediately an agreement to be bound by the terms and conditions of the Protective Order.

**IT IS SO ORDERED.**

**DATED** this 6th day of October, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA