# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GOSS INTERNATIONAL CORPORATION, a Delaware corporation, | |
| Plaintiff, | No. C00-35 LRR |
| vs. | **ORDER** |
| TOKYO KIKAI SEISAKUSHO, LTD., a Japanese corporation, and TKS (U.S.A.), Inc., a Delaware corporation, | |
| Defendants. | |

## *I.  INTRODUCTION*

Before the court is the Emergency Motion for Continuation of Stay of Enforcement of Judgment and to Preserve the Status Quo of the Ownership of Goss Japan ("Motion"), filed by Defendants Tokyo Kikai Seisakusho, Ltd. and TKS (U.S.A.), Inc. (collectively "TKS") (docket no. 514).

## *II.  RELEVANT PRIOR PROCEEDINGS*

On December 3, 2003, a jury returned a verdict in favor of Plaintiff Goss International Corporation ("Goss") on its claims that TKS engaged in dumping in violation of the Antidumping Act of 1916, 15 U.S.C. § 72 ("1916 Act").[1]  The jury awarded

---

[1] Congress repealed the 1916 Act in 2004.  Miscellaneous Trade & Technical Corrections Act of 2004, Pub. L. No. 108-429, § 2006(a), 118 Stat. 2434, 2597. However, Congress excluded all pending actions. *Id.* § 2006(b).  Therefore, the repeal does not affect this case.  *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 434 F.3d 1081, 1083 (8th Cir. 2006).

1

damages to Goss totaling $10,539,949.00. On December 4, 2003, pursuant to the 1916 Act's provision for treble damages, the court entered judgment in favor of Goss against TKS in the amount of $31,619,847.00, with interest thereon at the rate provided in 28 U.S.C. § 1961, and costs.

On December 13, 2003, TKS filed a Motion Pursuant to Federal Rule of Civil Procedure 62(b) to Stay Execution of Judgment ("Motion to Stay"). On December 17, 2003, the court granted the Motion to Stay. The court ordered that (1) Goss's execution of its December 4, 2003 judgment was stayed pending the court's ruling on TKS's then-pending Motions for New Trial and for Judgment as a Matter of Law and pending TKS's appeal of the court's rulings, provided that TKS posted a supersedeas bond with the Clerk of Court in the amount of $40,000,000.00. On December 22, 2003, Goss filed a $40,000,000.00 supersedeas bond with the Clerk of Court.

On May 26, 2004, the court denied TKS's Motions for New Trial and for Judgment as a Matter of Law. On June 2, 2004, the court awarded to Goss attorneys' fees and expenses in the amount of $3,484,158.00 and taxed costs against TKS in the amount of $681,475.05. On June 23, 2004, TKS filed a Notice of Appeal, in which it challenged all adverse rulings by the court.

On January 23, 2006, the Eighth Circuit Court of Appeals affirmed the court in all respects. *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 434 F.3d 1081, 1099 (8th Cir. 2006). On April 14, 2006, the Eighth Circuit Court of Appeals denied TKS's Motions for Rehearing and Rehearing En Banc. On April 26, 2006, the Eighth Circuit Court of Appeals stayed its mandate pending the filing of a petition for a writ of certiorari with the Supreme Court. On June 5, 2006, the Supreme Court denied TKS's Petition for a Writ of Certiorari. *Tokyo Kikai Seisakusho, Ltd. v. Goss Int'l Corp.*, No. 05-1358, 74 U.S.L.W. 3619, 2006 WL 1130536 (U.S. June 5, 2006). Because TKS's appeals were exhausted, the Eighth Circuit Court of Appeals has lifted its stay and issued

its mandate.

On June 12, 2006, TKS filed the instant Motion. On June 13, 2006, Goss filed a Resistance. On June 14, 2006, the court held a hearing ("Hearing") on the Motion. Attorneys Peter Toren, Honken Seki, Donald Renaldo and Nicholas Critelli represented TKS. Attorneys William Schopf and Ian Fischer represented Goss. The Motion is fully submitted, and thus the court turns to consider it.

### *III. THE MERITS[2]*

In the Motion, TKS asks the court to (1) stay enforcement of judgment pending resolution of Goss's pending Motion for Preliminary and Permanent Injunctions Against TKS (docket no. 512)[3] and (2) "order Goss not to make any changes in ownership of Goss

---

[2] At the Hearing, counsel for TKS stated that "our [M]otion would have been really better . . . phrased as conditions upon which [Goss's pending motion for] preliminary injunction should issue, if, in fact, the court were to issue a preliminary injunction enjoining TKS from bringing suit under the clawback statute in Japan." Counsel for TKS requested that, "rather [than] view it as a separate proceeding, as a separate request, if Your Honor would . . . respectfully consider it as part of the request that, should Your Honor issue the preliminary injunction . . . ." The court shall consider TKS's request in the court's upcoming ruling on Goss's Motion for Preliminary and Permanent Injunctions. Because counsel for TKS did not explicitly withdraw the instant Motion under all circumstances, the court will consider the merits of the instant Motion separately in this Order.

[3] In its Motion for Preliminary and Permanent Injunctions Against TKS, Goss asks the court to enjoin TKS from bringing an action in Japan to recover damages from Goss under a Japanese clawback statute, *Amerika gasshuukoku no 1916 nen no han futuo renbai hou ni motoduki uketa rieki no henkan gimu tou ni kansuru tokubetsu sochi hou* or "Special Measures Law Concerning the Obligation of Return of the Benefits and the Like under the United States Antidumping Act of 1916" ("Japanese Special Measures Law"). This would, in effect, continue a prior order of the court, which is due to expire on June 19, 2006. On November 29, 2004, pursuant to a stipulation filed by the parties, the court ordered that (1) "TKS shall not file suit or assert or attempt to assert any rights or

Japan's[4] shares or assets during the pendency of [Goss's pending Motion for Preliminary and Permanent Injunctions Against TKS]. The court considers each request, in turn.[5]

### A. *Motion to Continue Stay*

As indicated, on December 17, 2003, the court stayed execution of Goss's judgment against TKS pending the outcome of TKS's Motions for New Trial and for Judgment as a Matter of Law and TKS's appeal of the court's rulings, provided that TKS file a $40,000,000.00 supersedeas bond. The court's action was authorized under Federal Rule of Civil Procedure 62, which provides for stays pending motions for new trial or for judgment, as well as for stays pending the outcome of appeal. *See* Fed. R. Civ. P. 62(b) (new trial or for judgment); Fed. R. Civ. P. 62(d) (appeal). The predicates for the court's stay have expired, as the court has denied TKS's post-trial motions and TKS has exhausted

---

remedies under the [Japanese Special Measures Law] . . . before all appeals, including without limitation any motion for rehearing or petition for certiorari, in this case are exhausted" and (2) "TKS shall provide Goss' counsel of record with fourteen (14) days' prior written notice before filing suit or asserting or attempting to assert any rights or remedies under the [Japanese Special Measures Law] . . . ." TKS's appeals were exhausted on June 5, 2006, when the Supreme Court denied TKS's petition for a writ of certiorari. TKS gave Goss the requisite notice on the same date.

[4] Goss Japan is a subsidiary of Goss.

[5] The court notes that TKS violated the Local Rules when it filed the instant Motion, which impermissibly combines its Motion and its brief on the Motion into one document. Every Motion must contain a brief, *see* LR 7.1, and every brief "must be filed as an electronic attachment to the motion it supports under the same docket entry as the motion." LR 7.1. The failure to comply with the Local Rules may result in sanctions, including the striking of pleadings. LR 1.1(f); *see also id.* 7.1 ("If a brief is not filed on the same day as the motion it supports, it may be stricken by the court as untimely."). Because Goss has not filed a motion to strike and for good cause, the court shall not strike the instant Motion or impose other sanctions this time. The parties are advised, however, that future violations of the Local Rules may result in sanctions.

all of its appeals. Therefore, the court's December 17, 2003 stay is lifted, and the court must comply with the mandate of the Eighth Circuit Court of Appeals, which affirms the court's judgment in favor of Goss.

In the instant Motion, TKS asks the court to ignore the mandate of the Eighth Circuit Court of Appeals and continue its prior stay until resolution of Goss's Motion for Preliminary and Permanent Injunctions Against TKS. In essence, TKS claims it is unfair that it has to immediately pay Goss nearly $40,000,000.00, while TKS may be prohibited from accessing the Japanese court system if the court grants Goss's Motion for Preliminary and Permanent Injunctions Against TKS and issues a permanent anti-suit injunction. TKS complains that "the very real possibility exists that a lengthy appeals process would prevent TKS from seeking redress in Japan for years, while permitting Goss to enjoy the benefit of the [j]udgment immediately."

The court can find no authority that permits it to ignore the mandate of the Eighth Circuit Court of Appeals. To the contrary, "an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Penn. R.R. Co.*, 334 U.S. 304, 306 (1948). "On remand, a district court is bound to obey strictly an appellate mandate." *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990).

Even if the court had the power to ignore the mandate of the Eighth Circuit Court of Appeals, Federal Rule of Civil Procedure 62 does not provide the court with the authority to continue a stay after all appeals are exhausted. All of the cases which TKS cites in its brief are inapposite, as such stays are granted pending the outcome of an appeal.[6] Stays granted pursuant to Federal Rule of Civil Procedure 62(d) necessarily

---

[6] The cited cases primarily consist of a variety of published and unpublished federal district court cases from around the country. *See, e.g., Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ.

5

expire once all appeals are exhausted; where no appeal from a judgment lies, there is no provision in the Federal Rules of Civil Procedure for a stay. *See, e.g., Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 955 (8th Cir. 1979) (holding Rule 62 did "not apply" because "no appeal lies from the district court's order"); *see also Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987) (recognizing that the district court's power to grant a stay of its judgment pending appeal "continues to reside in the district court *until such time as the court of appeals issues its mandate* . . . ." (emphasis added)).

This litigation has lasted over six years. Goss has prevailed in this court and in the Eighth Circuit Court of Appeals, and the Supreme Court denied TKS's request to hear the case. Goss is entitled to its judgment now, as that is the mandate of the appellate courts.

> When a case has been once decided by [the Supreme Court] on appeal, and remanded [to a lower court], whatever was before [the Supreme Court], and disposed of by its decree, is considered as finally settled. The [lower court] is bound by the decree as the law of the case, and must carry it into execution according to mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other further relief; . . . or intermeddle with it, further than to settle so much as has been remanded.

*In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895) (citations omitted).

Accordingly, the court shall deny TKS's request to stay enforcement of judgment pending resolution of Goss's Motion for Preliminary and Permanent Injunctions Against TKS.

---

3600(SWK), 2005 WL 3099592, at *3 (S.D.N.Y. Nov. 17, 2005); *Knutson v. AG Processing*, 302 F. Supp. 2d 1023, 1032 (N.D. Iowa 2004); *Conn. Hosp. Ass'n v. O'Neill*, 863 F. Supp. 58, 61-62 (D. Conn. 1994); *Vac-Air, Inc. v. John Mohr & Sons, Inc.*, 54 F.R.D. 580, 581 (E.D. Wis. 1972).

### B. *Motion to Order Goss Japan Not to Change its Ownership or Assets*

As indicated, TKS also asks the court to "order Goss not to make any changes in ownership of Goss Japan's shares or assets during the pendency of [Goss's Motion for pending Motion for Preliminary and Permanent Injunctions Against TKS]." TKS cites no legal authority in support of its argument.

The court can find no legal authority under which it could order Goss to not change the ownership of Goss Japan's shares or assets, absent the agreement of the parties. Even if the court were to construe TKS's request liberally and, as Goss suggests, characterize TKS's request as "a pre-suit, pre-judgment attachment of the right to make any changes to Goss Japan's shares or assets," TKS has not shown a legitimate reason for attachment of Goss or Goss Japan's shares or assets. *See, e.g., Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994) (holding that a request for a preliminary injunction to prevent debtor from transferring assets was "equivalent to a writ of attachment"). TKS has not filed a complaint against Goss or Goss Japan and, at any rate, it is unclear what Goss Japan or Goss owes TKS.

Accordingly, the court shall deny TKS's request to order Goss not to make any changes in ownership of Goss Japan's shares or assets during the pendency of Goss's Motion for pending Motion for Preliminary and Permanent Injunctions Against TKS.

### IV. DISPOSITION

**IT IS THEREFORE ORDERED:**

(1) TKS's Emergency Motion for Continuation of Stay of Enforcement of Judgment and to Preserve the Status Quo of the Ownership of Goss Japan (docket no. 514) is **DENIED**; and

(2) The court's December 17, 2003 stay of the judgment in this matter is **LIFTED**.

**IT IS SO ORDERED.**

**DATED** this 15th day of June, 2006.

                                                  LINDA R. READE
                                                  JUDGE, U. S. DISTRICT COURT
                                                  NORTHERN DISTRICT OF IOWA