# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GOSS INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>TOKYO KIKAI SEISAKUSHO, LTD., a Japanese corporation, and TKS (U.S.A.), Inc., a Delaware corporation,<br><br>    Defendants. | No. 00-CV-35-LRR<br><br>**ORDER** |

_____

## *TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*   *RELEVANT PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*IV.*  *DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

## *I. INTRODUCTION*

Before the court is the Motion to Terminate the Appeal Bond ("Motion"), filed by Defendants Tokyo Kikai Seisakusho, Ltd. and TKS (U.S.A.), Inc. (collectively "TKS") (docket no. 570).

## II. RELEVANT PRIOR PROCEEDINGS

On December 3, 2003, a jury returned a verdict in favor of Plaintiff Goss International Corporation ("Goss") on its claims that TKS engaged in illegal dumping, in violation of the Antidumping Act of 1916, 15 U.S.C. § 72 (1994) ("1916 Act").[1] The jury awarded damages to Goss totaling $10,539,949.00. On December 4, 2003, pursuant to the 1916 Act's provision for treble damages, the court entered judgment in favor of Goss against TKS in the amount of $31,619,847.00, with interest thereon at the rate provided in 28 U.S.C. § 1961 and costs.

On December 13, 2003, TKS filed a Motion Pursuant to Federal Rule of Civil Procedure 62(b) to Stay Execution of Judgment ("Motion to Stay"). On December 17, 2003, the court granted the Motion to Stay. The court ordered that (1) Goss's execution of its December 4, 2003, judgment was stayed pending the court's ruling on TKS's then-pending Motions for New Trial and for Judgment as a Matter of Law and pending TKS's appeal of the court's rulings. Pursuant to Federal Rule of Civil Procedure 62(b) and (d), the court required TKS to post a supersedeas bond with the Clerk of Court in the amount of $40,000,000.00. On December 22, 2003, Goss filed a $40,000,000.00 supersedeas bond with the Clerk of Court.

On May 26, 2004, the court denied TKS's Motions for New Trial and for Judgment as a Matter of Law. On June 2, 2004, the court awarded to Goss attorneys' fees and expenses in the amount of $3,484,158.00 and taxed costs against TKS in the amount of

---

[1] Congress repealed the 1916 Act in 2004. Miscellaneous Trade & Technical Corrections Act of 2004, Pub. L. No. 108-429, § 2006(a), 118 Stat. 2434, 2597. However, Congress excluded all pending actions. *Id*. § 2006(b). Therefore, the repeal does not affect this case. *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 434 F.3d 1081, 1083 (8th Cir. 2006).

$681,475.05. On June 23, 2004, TKS filed a Notice of Appeal, in which it challenged all adverse rulings by the court.

On January 23, 2006, the Eighth Circuit Court of Appeals affirmed the court in all respects. *See generally Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 434 F.3d 1081 (8th Cir. 2006). On April 14, 2006, the Eighth Circuit Court of Appeals denied TKS's Motions for Rehearing and Rehearing En Banc. On June 5, 2006, the Supreme Court denied TKS's Petition for a Writ of Certiorari. *Tokyo Kikai Seisakusho, Ltd. v. Goss Int'l Corp.*, 126 S. Ct. 2363 (2006).

On June 12, 2006, TKS filed the Emergency Motion for Continuation of Stay of Enforcement of Judgment and to Preserve the Status Quo of the Ownership of Goss Japan ("Emergency Motion to Continue Stay"). Among other things, TKS sought to continue the court's December 17, 2003 stay of the court's judgment.

On June 15, 2006, the Eighth Circuit Court of Appeals issued its mandate. On the same date, the court denied the Emergency Motion to Continue Stay. The court's December 17, 2003 stay pending appeal thereby expired.

On June 19, 2006, TKS wire transferred $37,024,767.77 to the escrow account of Goss's attorneys, Schopf & Weiss, LLP. On June 21, 2006, Goss filed a Satisfaction of Judgment. Goss represented to the court that TKS had satisfied the court's judgment, including interests and costs, but not including certain unpaid costs of suit incurred on appeal.

On June 21, 2006, the court adopted a Stipulation between Goss and TKS to reduce the Appeal Bond to $2,975,232.23. This reduced amount was the full amount of the bond ($40,000,000) minus the amount paid by TKS on June 19, 2006 ($37,024,767.77). On August 2, 2006, a rider to the supersedeas bond was filed decreasing the amount of the bond to $2,975,232.23.

On June 28, 2006, the court adopted the parties' Agreed Judgment and Order Regarding Plaintiff's Cost of Suit ("Agreed Judgment and Order"). In the Agreed Judgment and Order, the court awarded Goss an additional $1,256,202.28 for fees and costs incurred on appeal to the Eighth Circuit Court of Appeals, as well as $397,353.91 for fees and costs incurred during TKS's Petition for Rehearing and Rehearing En Banc to the Eighth Circuit Court of Appeals and TKS's Petition for Writ of Certiorari to the United States Supreme Court. On or before July 5, 2006, TKS paid the full amount of the Agreed Judgment by wire transfer to the escrow account of Schopf & Weiss, LLP.

On July 19, 2006, TKS filed the instant Motion. TKS asks the court to authorize the termination of the supersedeas bond because its appeal of the court's judgment is exhausted and it has paid in full the judgment, as well as all attorneys fees, costs and interest due to Goss.

On August 7, 2006, Goss filed a Response. In the Response, Goss states that it does not oppose termination of the supersedeas bond. Goss's concession, however, is based upon a "reserv[ation of] its rights to seek a bond to ensure TKS's compliance with any anti[-]suit injunctions or payment of any money judgment issued by the [c]ourt, including a judgment for additional cost[s] of suit under 15 U.S.C. § 72."

### III. THE MERITS

Federal Rule of Civil Procedure 62(d) permits a court to stay judgment pending an appeal if the appellant posts a supersedeas bond. Fed. R. Civ. P. 62(d). "The stay is effective when the supersedeas bond is approved by the court." *Id*.

"The purpose of requiring a supersedeas bond to be posted is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1574 (Fed. Cir. 1991) (citing *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d

4

1189, 1190-91 (5th Cir. 1979)). "'[T]he obligation of sureties upon bonds'" should not be "'extended by implication'" or by "'enlarged construction of the terms of the contract entered into.'" *Id.* (quoting *Crane v. Buckley*, 203 U.S. 441, 447 (1906)).

> If the district court's judgment is affirmed, the bond insures the judgment creditor against the risk of lack of funds to satisfy the award. In contrast, if the award issued by the district court is reversed, the bond no longer serves its purpose of insuring payment of the award and therefore should be released.

*Revlon, Inc. v. Carson Products Co.,* 647 F. Supp. 905, 906 (S.D.N.Y. 1986); *cf. Newhouse v. McCormick & Co.*, 157 F.3d 582, 587 (8th Cir. 1998) (holding district court did not abuse its discretion in denying in part motion to release supersedeas bond where judgment was not paid in full).

Courts release supersedeas bonds when the bond has served its purpose and no outstanding judgment remains. *See e.g., Singleton v. Guangzhou Ocean Shipping Co.*, No. Civ. A. No. 90-5063, 1996 WL 257560, at *1 (E.D. La. May 13, 1996) (releasing supersedeas bond after appellate court reversed the district court judgment because the defendant was no longer liable to the plaintiff); *Am. Fed. Group, Ltd. v. Rothenberg*, No. 91 Civ. 7860, 1998 WL 273034, at *3 (S.D.N.Y. May 28, 1998) (releasing supersedeas bond after appellate court vacated district court judgment which resulted in "no judgment of liability against [defendant]"). A supersedeas bond posted for a stay of execution of judgment should be released once all appeals are exhausted, the stay has been lifted and full payment has been made. *See, e.g., Revlon, Inc.,* 647 F. Supp. at 906 (releasing supersedeas bond after appellate court reversed the district court judgment). Accordingly, because TKS has exhausted all of its appeals of the court's judgment, the stay has been lifted and full payment to Goss has been made, the court shall release TKS's supersedeas

5

bond.

In any event, an "appellant's liability is governed by the terms of the bond itself." *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 798 (4th Cir. 1986) (citing *Aviation Credit Corp. v. Conner Air Lines, Inc.*, 307 F.2d 685, 688 (5th Cir. 1962)). Here, TKS's supersedeas bond is, by its terms, limited to the appeal from the December 4, 2003, judgment. The original supersedeas bond states that Federal Insurance Company will

> undertake the judgment amount of Thirty One Million Six Hundred Nineteen Thousand Eight Hundred Forty Seven Dollars ($31,619,847 USD), plus attorney fees and anticipated interest during the course of the appeal, that if the judgment appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellants shall pay the amount directed by the judgment to be paid or the part of it as to which the judgment is affirmed**.**

(docket no. 428). TKS paid the judgment, costs, interest and fees as well as costs associated with the appeal and therefore no longer has any obligations under the terms of the supersedeas bond.

Even if the court were to assume that the fee and cost shifting provisions of 15 U.S.C. § 72 apply to a post-judgment request for injunctive relief, it remains true that at present the court has not awarded Goss a judgment for such fees and costs. The permanent foreign anti-suit injunction litigation appears to be in its infancy; the court's order granting a preliminary foreign anti-suit injunction is presently on appeal to the Eighth Circuit Court of Appeals. *See generally Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, No. 00-CV-35-LRR, ___ F. Supp. 2d ___, 2006 WL1731286 (N.D. Iowa 2006) (granting preliminary foreign anti-suit injunction). The supersedeas bond, which was posted to protect the original judgment of the court, cannot be held in a speculative fashion to protect a possible

6

award for attorney fees and costs spent on a possible decision granting a permanent anti-suit injunction that may possibly be appealed. In the event that Goss obtains a judgment from the court on a future motion for attorney fees and costs expended on injunctive relief, and in the event TKS appeals that judgment, then—and only then—may the court order TKS to post a new supersedeas bond to protect Goss. Fed. R. Civ. P. 62. As matters presently stand, however, there is no such judgment in favor of Goss to protect pending appeal.

## V. DISPOSITION

**IT IS THEREFORE ORDERED:**

TKS's Motion (docket no. 570) is **GRANTED.** The supersedeas bond (dockets no. 428-2 and 577) is released in its entirety.

**IT IS SO ORDERED**.

**DATED** this 9th day of August, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA