**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| GOSS INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>TOKYO KIKAI SEISAKUSHO, LTD., a Japanese corporation, and TKS (U.S.A.), Inc., a Delaware corporation,<br><br>        Defendants. | No. 00-CV-35-LRR<br><br>**ORDER** |

## *I. BACKGROUND*

On December 3, 2003, a jury returned a verdict in favor of Plaintiff Goss International Corporation ("Goss") on its claims that Defendants Tokyo Kikai Seisakusho, Ltd. and TKS (U.S.A.), Inc. (collectively "TKS") engaged in illegal dumping, in violation of the now-repealed Antidumping Act of 1916, 15 U.S.C. § 72 (1994) ("1916 Act"). The jury awarded Goss $10,539,949.00.

On December 4, 2003, pursuant to the 1916 Act's provision for treble damages, the court entered judgment in favor of Goss against TKS in the amount of $31,619,847.00, plus interest and costs. On June 2, 2004, the court awarded Goss attorneys' fees and expenses in the amount of $3,484,158.00 and taxed costs against TKS in the amount of $681,475.05. These orders were affirmed on appeal. *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellchaft*, 434 F.3d 1081, 1089 (8th Cir.), *cert. denied*, 126 S. Ct. 2363 (2006). Upon agreement of the parties, the court later ordered TKS to pay Goss an additional $1,653,556.19 in fees and costs for Goss's time and effort spent defending

the original judgment. Order (docket no. 558), at 3.

On June 5, 2006, TKS gave Goss notice that it intended to file a lawsuit in Japan under the Japanese Special Measures Law. The Japanese Special Measures Law is a so-called "clawback statute," which authorizes Japanese parties, against whom a U.S. judgment has been rendered under the 1916 Act, to sue in Japan to recover the full amount of the judgment, interest and expenses, including attorneys' fees.

On June 8, 2006, Goss filed a Motion for Preliminary and Permanent Injunctions Against TKS ("Motion") (docket no. 512). On June 15, 2006, this court granted the Motion in part and issued a preliminary foreign anti-suit injunction that "enjoin[ed] TKS and their representatives, officers, directors, agents, attorneys, employees, and shareholders, and anyone acting in concert with them, from asserting or attempting to assert or pursue any rights or remedies granted under the Japanese Special Measures Law against Goss or any of its affiliates or subsidiaries." Order (docket no. 536), at 18. The court reserved ruling on the remainder of the Motion, insofar as the remainder of the Motion sought a permanent injunction. *Id.* On June 23, 2006, TKS appealed the issuance of the preliminary injunction to the Eighth Circuit Court of Appeals. Notice of Appeal (docket no. 550-1), at 1.

On June 30, 2006, Goss notified the court that "TKS satisfied the judgment in full, including awarded attorneys' fees, costs and interest, but not for other costs and fees still to be determined by the Court." Satisfaction of Judgment (docket no. 561), at 2.

On July 6, 2006, the court stayed the case "until final resolution of TKS's appeal of the preliminary foreign anti-suit injunction." Order (docket no. 568), at 1. The court denied the remainder of the Motion as moot, with leave to refile if necessary.

On June 18, 2007, the Eighth Circuit Court of Appeals "vacate[d] the district court's grant of a preliminary antisuit injunction and remand[ed] for dismissal of Goss's motion for injunctive relief." *Goss Int'l Corp. v. Man Roland Druckmaschinen*

*Aktiengesellschaft*, No. 06-2658, 2007 WL 1731573, *11 (8th Cir. June 18, 2007). Formal mandate did not issue pending Goss's right to seek rehearing *en banc*.

On June 28, 2007, TKS filed a Bill of Costs (docket no. 585-2) in this court. In the Bill of Costs, TKS seeks to recover $455.00, pursuant to 28 U.S.C. § 1920, to recover its appellate filing fee.

On July 24, 2007, the Eighth Circuit Court of Appeals denied Goss's petition for rehearing *en banc*. Order (docket no. 586), at 1. On August 6, 2007, the Eighth Circuit Court of Appeals denied Goss's motion to stay the mandate. Order (docket no. 589), at 1. On the same date, formal mandate issued. Order (docket no. 590), at 1.

## *II. ORDER*

The Eighth Circuit Court of Appeals has thus vacated the court's Order (docket no. 536). In accordance with the mandate of the Eighth Circuit Court of Appeals, the court hereby **DISMISSES** Goss's Motion (docket no. 512). The court's July 6, 2006 Order (docket no. 568) staying this case is **VACATED** and the stay is **LIFTED**. Further, TKS's Bill of Costs (docket no. 585-2) is **GRANTED**. Goss is ordered to pay TKS $455.00. The Clerk of Court is directed to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 8th day of August, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA